UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE #

RICARDO F. URDANIVIA, an individual

Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC.
EXPERIAN INFORMATION SOLUTIONS, INC.
LEXISNEXIS CONSUMER CENTER
a/k/a LEXISNEXIS RISK SOLUTIONS, INC.
PORTFOLIO RC a/k/a
PORTFOLIO RECOVERY ASSOCIATES, LLC.

Defendants,
_____/

# COMPLAINT

Plaintiff, **RICARDO F. URDANIVIA,** on behalf of himself, through the undersigned attorneys, files this Complaint against **EQUIFAX INFORMATION SERVICES, LLC. (herein "EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. (HEREIN "EXPERIAN"), LEXISNEXIS CONSUMER CENTER A/KA LEXISNEXIS RISK SOLUTIONS, INC. (herein "LEXISNEXIS"), PORTFOLIO RECOVERY ASSOCIATES, LLC. (HEREIN "PORTFOLIO RC")** and states as follows:

## A. JURISDICTION AND VENUE

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit

Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended.

2. At all times material hereto, Plaintiff is a resident of Miami-Dade County, FL

3. This court has subject matter jurisdiction over this matter pursuant to 15 U. S. C. § 1681$p$. Venue in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

## B. PARTIES

4. The Plaintiff, **RICARDO URDANIVIA**, is an adult individual presently residing in Miami, FL. Plaintiff is a "consumer" as defined by Section 1681$a$(c) of the FCRA.

5. The Defendant, **EQUIFAX** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. The Defendant, **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. The Defendant **LEXISNEXIS** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **LEXISNEXIS** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **LEXISNEXIS** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. The Defendant **PORTFOLIO RECOVERY ASSOCIATES** is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida. This

Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

9. **PORTFOLIO RECOVERY ASSOCIATES** regularly attempts to collect consumer debts alleged due to another.

10. **PORTFOLIO RECOVERY ASSOCIATES** is engaged in the collection of debts from consumers using the mail and telephone.

11. **PORTFOLIO RECOVERY ASSOCIATES** is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

12. Under <u>Henson v. Santander Consumer USA INC.</u> WL 2507342 (June 12, 2017), because Defendant's "principal purpose" of it's business is the collection of debts. As such **PORTFOLIO RECOVERY ASSOCIATES** qualifies as a "debt collector" under 15 U.S.C. § 1692.

## B. VENUE

13. The venue is proper in this Court based upon the following:

   a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida.

   b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or

activity of reporting under the FCRA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

14. Plaintiff, **RICARDO F. URDANIVIA**, (hereinafter "Plaintiff"), is an individual residing in the State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

15. All Defendants are business entities which regularly conduct business throughout most every state and county in the United States; as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

## C. FACTS COMMON TO ALL COUNTS

16. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes.

17. On or about March 2018, Plaintiff sent dispute letters to Defendants **EQUIFAX, EXPERIAN and TRANSUNION** including his personal identification, stating that a Bankruptcy case #17-15221 appears on his credit reports and he requested to have them deleted as that Bankruptcy was not his.

18. **EXPERIAN** received this dispute letter via certified mail/return receipt on or about March 25th, 2018.

19. Defendant **TRANSUNION** received this dispute letter via certified mail/return receipt on or about March 26th, 2018.

20. Defendant **EQUIFAX** received this dispute letter via certified mail/return receipt on or about March 24th, 2018.

21. Defendant **EQUIFAX** failed to conduct any type of investigation and failed to delete the Bankruptcy case #17-15221 his credit report.

22. Defendants **EXPERIAN and TRANSUNION** conducted an investigation and deleted the Bankruptcy case #17-15221 from his credit report.

23. On or about April 26th, 2018, Plaintiff sent a 2nd dispute letter to Defendants **EQUIFAX,** including his personal identification as well as a copy of his electric bill, stating that there is a Bankruptcy case #17-15221 that does not belong to him to please delete it.

24. Defendant **EQUIFAX** received this dispute letter via certified mail/return receipt on or about May 11th, 2018.

25. Defendant **EQUIFAX** responded to Plaintiff's dispute letter stating that they had verified the Bankruptcy case #17-15221 with Defendant **LEXISNEXIS** and continued to report said Bankruptcy.

26. On or about June 20th, 2018, Plaintiff sent a 3rd dispute letter to Defendants **EQUIFAX** including his personal identification, stating that there is a Bankruptcy case #17-15221 still reporting on his credit report that does not belong to him. Additionally to please delete Sr. and Jr. as he has never used Sr. or Jr. attached to his name.

27. Defendant **EQUIFAX** received this dispute letter via certified mail/return receipt on or about July 9th, 2018.

28. Upon review of his credit report the bankruptcy case #17-15221 was not deleted from **EQUIFAX**.

29. On or about October 23rd, 2018, Plaintiff sent a dispute letter to Defendants **EQUIFAX, EXPERIAN and TRANSUNION** including his personal identification, in said letters Plaintiff stated that there is a collection account from PORTFOLIO RC account number Y 1KSE003 for a CAPITAL ONE BANK debt does not belong to him to please delete it.

30. Defendant **EQUIFAX** received this dispute letter via certified mail/return receipt on or about November 21st, 2018.

31. Defendant **EQUIFAX** failed to respond to Plaintiff's dispute.

32. **EXPERIAN** received this dispute letter via certified mail/return receipt on or about November 27th, 2018.

33. Defendant **EXPERIAN** responded to Plaintiff's dispute stating that Plaintiff did not send sufficient information, that the

information received was not legible and continued to report said account.

34. **TRANSUNION** received this dispute letter via certified mail/return receipt on or about November 20th, 2018.

35. Defendant **TRANSUNION** responded to Plaintiff's dispute stating that said account was not reporting in Plaintiff's credit report.

36. Plaintiff has been damaged because this misleading information and/or error has impaired his ability to build his credit worthiness. Defendants have reflected credit information which is incorrect, inaccurate, misleading, and/or false.

37. The acts of Defendants mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

38. Plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

39. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendants mentioned above, and has agreed to pay counsel a reasonable attorney fee.

40. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs,

telephone calls, and other expenses, all to Plaintiff's further damage.

## D. CAUSES OF ACTION

### COUNT ONE

**VIOLATION OF THE
Fair Credit Reporting Act by
Defendants EQUIFAX, EXPERIAN,
LEXISNEXIS
15 U.S.C § 1681, et seq.**

41. Plaintiff incorporates paragraphs 1 through 40 as though fully stated herein.

42. In the entire course of its actions Defendants **EQUIFAX, EXPERIAN, LEXISNEXIS** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after

conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EQUIFAX, EXPERIAN, LEXISNEXIS** for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

*For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO

## VIOLATION OF FCRA 15 U.S.C § 1681s-2(b) BY PORTFOLIO RECOVERY ASSOCIATES, LLC.

43.  Plaintiff incorporates paragraphs 1 through 40 as though fully stated herein.

44.  At all times pertinent here to, this Defendant " **PORTFOLIO**" was a "person" as that term is defined by 15 U. S. C. § 1681a(b) and "furnisher" of information to the credit reporting agencies.

45.  This Defendant violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendant willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-2(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

*For an award of actual damages;

*For an award of statutory damages;

*For an award of Punitive damages;

  *For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT THREE

### VIOLATION OF FDCPA 15 USC § 1692 by PORTFOLIO RECOVERY ASSOCIATES, LLC.

46. Plaintiff incorporates paragraphs 1 through 40 as though fully stated herein.

47. Specifically, Defendant has violated 16 U.S.C. § 1692 (e) and (f) by attempting to collect a debt which was not due and owing.

48. The foregoing acts and omissions of Defendant as further described within this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury under Florida Law and as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 21st day of December of 2018.

Respectfully submitted,
Law Offices of
**SAMIRA GHAZAL, PA.**
Attorney for Plaintiff
1900 SW 3rd Ave.
Miami, FL 33129
Tel. 305.860.1221
Fax. 305.858.6272
Samira@Samiraghazal.com

_/S/Samira Ghazal_
File by: Samira Ghazal, ESQ.
FBN: 0864617